UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-cv-00442-BR

| | | |
|---|---|---|
| PAULA SORUM, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| J.C. PENNEY CORPORATION, INC., | ) | |
|         Defendant. | ) | |
| | ) | |

This case comes before the court on plaintiff Paula Sorum's ("Sorum") objection to removal and motion for remand. This matter, filed initially in the Superior Court Division, Cumberland County, North Carolina, involves allegations of negligence for injuries Sorum allegedly sustained while an invitee at the Defendant J.C. Penney Corporation, Inc.'s ("J.C. Penney") retail establishment. After removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a) on 19 October 2010, Sorum moved to remand the case alleging that J.C. Penney failed to establish an amount in controversy exceeding $75,000, the federal jurisdictional minimum. For the reasons set forth below, the court will remand the case.

Sorum alleges that she sustained injuries on 8 January 2010, as a result of J.C. Penney's negligence. (Compl. ¶¶ 1, 10). According to Sorum, she tripped, lost her balance, and fell in a bathroom stall located on J.C. Penney's retail store premises. Sorum alleges that a raised drain improperly installed on the bathroom floor created an unreasonable hazard that J.C. Penney knew or should have known existed. (Id. ¶¶ 12, 16). Sorum claims she suffered physical

injuries requiring medical treatment, substantial physical and mental suffering, and "significant impairment of her ability to conduct normal daily activities." (Id. ¶ 28). In her complaint, and in accordance with North Carolina pleading rules, Sorum demands "compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00) as well as interest from the date of the filing of the Complaint[.]" (Compl., Prayer for Relief, ¶ 2).

The party seeking removal of state law claims on the basis of diversity of citizenship and amount in controversy bears the burden of establishing jurisdiction. See, e.g., McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). And, "[i]t is the firmly established general rule of the federal courts that the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction." McDonald v. Patton, 240 F.2d 424, 425 (4th Cir. 1957).

The amount in controversy will not always be clear from the face of the complaint. Courts employ varied standards for the requisite level of proof with which a defendant must show that the amount in controversy meets the jurisdictional requirement for removal. The Middle District of North Carolina has held a defendant to the "preponderance of the evidence" standard when the amount in controversy is not apparent from the face of the complaint, as have some circuit courts. Doughton v. Ray, No. 1:02-CV-00864, 2002 WL 31812918, at *2 (M.D.N.C. Dec. 13, 2002) (citing Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp 44, 46 (M.D.N.C. 1996)); id. n.3 (citing cases). In addition, when facing indeterminate claims, many courts have held that the court may consider damage stipulations made by the plaintiff. See id., at *2. In such cases the court looks to other evidence to determine whether the defendant has born the necessary burden of proof to meet the jurisdictional requirement. Doughton, 2002 WL

31812918, at *2.

Although Sorum has generally plead that her damages exceed $10,000, the complaint offers no additional clarity on the amount in question. However, in her motion to remand, Sorum represents that she incurred "total medical expenses" in the amount of $8,282.00 and that "[m]ost of [those] expenses are from physical therapy which has been completed." (Mot. to Remand ¶ 7). Significantly, she does not allege permanent injury, (id.), or seek punitive damages. J.C. Penney has not come forward with anything to show that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. As the defendant in Doughton, J.C. Penney neither rebuts Sorum's contentions nor produces any evidence to demonstrate that the monetary value of Sorum's claims exceeds the statutory requirement. Because J.C. Penney has not met its burden to sustain removal, this court finds it lacks subject matter jurisdiction over this matter.

The motion to remand is GRANTED, and this case is REMANDED to Cumberland County Superior Court. The Clerk is DIRECTED to serve a copy of this order on the Clerk of that court. Plaintiff's motion for enlargement of time to respond to defendant's discovery requests is DENIED as moot.

This 24 January 2011.

_____
W. Earl Britt
Senior U.S. District Judge